IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES CHAPLIN,

    Petitioner,

vs.

CIVIL ACTION NO.: CV209-114

DEBORAH A. HICKEY, Warden and
ERIC HOLDER, JR., Attorney General,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Chaplin, ("Chaplin"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss and Chaplin filed a Response. For the reasons which follow, Respondent's motion should be **GRANTED**, and Chaplin's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Chaplin was found guilty of being a convicted felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (M.D. Fla., CR302-251, Doc. No. 48). Ordinarily, the statutory punishment for a violation of § 922(g) is a maximum of ten years in prison. See 18 U.S.C. § 924(a)(2). However, under the Armed Career Criminal Act, an individual who has three previous convictions for a violent felony or serious drug offense who violates § 922(g) is subject to a mandatory minimum prison

term of fifteen years. 18 U.S.C. § 924(e)(1). The district court found that Chaplin had three prior convictions for violent felonies and sentenced him to serve 235 months in prison. (Id. at Doc. No. 76). On direct appeal, the Court of Appeals for the Eleventh Circuit affirmed Chaplin's conviction and sentence. (Id. at Doc. No. 113). Chaplin filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing in part that the district court erred by enhancing his sentence under the Armed Career Criminal Act. (M.D. Fla., CV305-249, Doc. No. 1). Chaplin's motion was denied, as was his motion for a certificate of appealability. (Id. at Doc. Nos. 10, 14). Chaplin then filed a "Motion Requesting Reduction of Imposed Term of Imprisonment Under United States v. Archer, 11th Cir., 07-11488 (06/26/08)." (M.D. Fla., CR302-251, Doc. No. 122). The District Court for the Middle District of Florida construed Chaplin's motion as a successive § 2255 motion and dismissed it for lack of jurisdiction. (Id. at Doc. No. 124).

In the instant petition, Chaplin contends that in the wake of Begay v. United States, 553 U.S. 137 (2008), his prior conviction for escape does not qualify as a violent felony under the Armed Career Criminal Act, and therefore his enhanced sentence is invalid. (Doc. No. 1-2, p. 8). Respondent asserts that Begay does not establish that Chaplin was convicted of a nonexistent offense. (Doc. No. 7, p. 7).

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner

establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Chaplin has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. No. 1, p. 1). He asserts that the remedy afforded under § 2255 is inadequate or ineffective to challenge the legality of his detention because his petition is based upon a retroactively applicable Supreme Court decision. (Id. at p. 2).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed

consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Chaplin bases the claims set forth in his petition on the Supreme Court's decision in Begay. In Begay, the Supreme Court narrowed the types of prior convictions that qualify as violent felonies under the Armed Career Criminal Act. Begay, 553 U.S. at ___, 128 S.Ct. at 1584-87. Chaplin claims that, in light of Begay, his conviction for escape should no longer be considered a violent felony. (Doc. No. 1-2, p. 8). However, Begay only narrows the types of prior convictions that qualify as violent felonies; it does not satisfy the second prong of the Wofford test by invalidating the crime Petitioner was convicted of committing. Recent district court decisions are in accord. See Mackey v. United States, ___ F. Supp. 2d ___, 2009 WL 2407666, *8 (S.D. Fla. Aug. 4, 2009) ("It is clear that Begay and Archer both address sentencing issues and what constitutes a crime of violence for purposes of an enhanced sentence as a career offender. They do not, however, invalidate the crimes of conviction at issue here, . . . and consequently, the movant fails to meet the second prong of the Wofford test."); Gilbert v. United

States, ___ F. Supp. 2d ___, 2009 WL 981918, *4 (M.D. Fla April 13, 2009) ("Begay and Archer do not render nonexistent the offense for which Petitioner was convicted. . . . Instead, Petitioner merely argues that his sentence was erroneously enhanced by that conviction. Because Petitioner fails to meet the second prong of the Wofford test, he is not able to proceed under §2255's savings clause, and he cannot use a § 2241 petition to circumvent the requirement of § 2255.").

Chaplin has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 Fed. Appx. 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Chaplin's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE