# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
JAMES CHAPLIN,                *
                              *
    Petitioner,               *
                              *
vs.                           *       CV 209-114
                              *
DEBORAH A. HICKEY, Warden,    *
and ERIC HOLDER, JR.,         *
Attorney General,             *
                              *
    Respondents.              *
```

## ORDER

Presently before the Court is Petitioner James Chaplin's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 15). The Magistrate Judge concluded in the Report and Recommendation that Mr. Chaplin did not satisfy the requirements of 28 U.S.C 2255(e)'s savings clause, and could not, therefore, proceed under 28 U.S.C. § 2241. Because this Court is bound by the Eleventh Circuit's narrow interpretation of that clause, after an

independent and *de novo* review, the Court concurs with the Magistrate Judge's Report and Recommendation (Dkt. No. 13).

The Magistrate Judge concluded that the Eleventh Circuit's decision in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), forecloses Mr. Chaplin's effort to invoke section 2255's savings clause and proceed instead under section 2241. Mr. Chaplin Objects to the Magistrate Judge's use and interpretation of *Wofford*, the Magistrate Judge's conclusion that Mr. Chaplin failed to show that section 2255 is an ineffective or inadequate remedy, the Magistrate Judge's Report insofar as it constitutes an unconstitutional suspension of the writ of habeas corpus, and the Magistrate Judge's conclusion that *Wofford* applies to his claims. All of these objections surround the Magistrate Judge's interpretation of *Wofford*.

Because Mr. Chaplin previously challenged his sentence via a section 2255 motion filed in the convicting court, the Magistrate Judge correctly concluded that Mr. Chaplin can only proceed under section 2241 if he satisfies the requirements of section 2255(e). The Eleventh Circuit held in *Wofford* that section 2241 is only available to a claim that: "1) . . . is based upon a retroactively applicable

2

Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." 177 F.3d at 1244.

Subsequent to Mr. Chaplin's trial, appeal, and first section 2255 motion, the Supreme Court narrowed the types of felony convictions that qualify as violent felonies for purposes of the Armed Career Criminal Act. *See Begay v. United States*, 553 U.S. 137 (2008); *United States v. Lee*, 586 F.3d 859, 866-74 (11th Cir. 2009) (holding that *Begay* abrogated the Eleventh Circuit's interpretation of the Armed Career Criminal Act and that a conviction for a non-violent, walkaway escape no longer qualifies as a violent felony). Mr. Chaplin argues that, under *Begay*, he was erroneously sentenced under the Armed Career Criminal Act because his prior escape conviction is not a violent felony. The Magistrate Judge, however, concluded that the second *Wofford* requirement is not met, because *Begay* merely relates to a sentencing enhancement, and does not

3

invalidate the crime of conviction – being a felon in possession of a firearm.[1]

The Court concurs with the Magistrate Judge's Report and Recommendation, and adopts it as the Opinion of this Court. However, the Court does perceive tension between the *Wofford* test and successive petitions raising *Begay* challenges. Mr. Chaplin clearly meets the first and third *Begay* requirements: *Begay* applies retroactively, and Circuit precedent precluded Mr. Chaplin's argument at the time of his original section 2255 motion (which must be brought within one year of conviction). Supreme Court decisions creating new rules of criminal law apply retroactively when they either create new substantive rules or "watershed rules of criminal procedure." *Schriro v. Summerlin*, 542 U.S. 348, 351-52, 124 S. Ct. 2519 (2004). Justice Scalia provided the following example in *Schriro* of when a new sentencing enhancement rule would be considered substantive:

---

[1] Mr. Chaplin makes a well-reasoned, but ultimately unpersuasive, argument based on *Goldman v. Winn*, 565 F. Supp. 2d 200 (D. Mass 2008). The *Goldman* court allowed the petitioner to proceed under section 2241 when the petitioner was able to demonstrate that he was actually innocent of one of the prior convictions (kidnapping) underlying the Armed Career Criminal Act enhancement. *Id.* at 228. Mr. Chaplin, however, does not argue that he is actually innocent of any of his underlying convictions, but merely challenges their legal effects. Moreover, the *Goldman* court was not operating under the strictures of *Wofford*.

4

> This Court's holding that, *because Arizona* has made a certain fact essential to the death penalty, that fact must be found by a jury, is not the same as *this Court's* making a certain fact essential to the death penalty. The former was a procedural holding; the latter would be substantive.

542 U.S. at 354 (emphasis in original). *Begay* clearly falls in the latter category: the Supreme Court held that certain facts are required before the Armed Career Criminal enhancement can be imposed – facts that were not required under pre-*Begay* Circuit precedent. *See Lee*, 586 F.3d at 867-69 (stating that before *Begay* the Eleventh Circuit treated all escapes as violent felonies).

As stated above, and in the Magistrate Judge's Report, the second *Wofford* requirement is not met in this case because *Begay* dealt solely with a sentencing enhancement, not the criminal offense itself.

**Conclusion**

Mr. Chaplin's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 15) is **OVERRULED**. The Court concurs with the Magistrate Judge's Report and Recommendation (Dkt. No. 13) and adopts it as the Opinion of the Court. Mr. Chaplin's Petition for a Writ of Habeas

5

Corpus is **DISMISSED,** and the Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED,** this ___8th___ day of April, 2010.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA