FILED
U.S. DISTRICT COURT
2013 MAY 29 PM 1:21
CLERK C. Robinson
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES CHAPLIN,

    Petitioner,

vs.

DEBORAH A. HICKEY, Warden and
ERIC HOLDER, JR., Attorney General,

    Respondents.

CIVIL ACTION NO.: CV209-114

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Chaplin ("Chaplin"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Chaplin's petition should be **DENIED**.

## STATEMENT OF THE CASE

Following a jury trial in the Middle District of Florida, Chaplin was convicted of one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. No. 41-5, p. 2). Chaplin was sentenced to 235 months' imprisonment to be followed by five (5) years of supervised release. (Id.). Chaplin appealed his conviction and sentence, and the Eleventh Circuit Court of Appeals affirmed. (Doc. No. 41-5, pp. 2–3). The United States Supreme Court denied certiorari. (Doc. No. 41-5, p. 3).

Chaplin filed a motion pursuant to 28 U.S.C. § 2255 in the Middle District of Florida requesting that his sentence be vacated or altered. (Id.). Chaplin argued, among other things, that his sentence should not have been enhanced under § 924(e) because that enhancement was based upon prior convictions that were non-violent. (Doc. No. 41-5, pp. 4–5). Chaplin's motion was denied. (Doc. No. 41-5, p. 9).

In the instant petition, Chaplin seeks relief under § 2241 claiming that his sentence enhancement as an armed career criminal under § 924(e) was improper. He argues that his 1987 conviction for escape, in violation of FLA. STAT. § 944.40, was not a violent felony such as to trigger an enhancement under § 924(e). Respondent contends that Chaplin's 1987 conviction for escape qualifies as a violent felony, which properly triggered a sentence enhancement under § 924(e).

## DISCUSSION AND CITATION OF AUTHORITY

A person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense, committed on separate occasions, is subject to a minimum penalty of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). A violent felony is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B).

In 2008, the Supreme Court decided that to qualify as a violent felony a crime must be "roughly similar, in kind as well as in degree of risk posed," to the crimes listed in the statute—burglary, arson, extortion, or crimes involving the use of explosives. Begay v. United States, 553 U.S. 137, 143 (2008). The Court stated that "[t]he listed

AO 72A
(Rev. 8/82)

crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct. . . . That conduct is such that it makes more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim." Id. at 144–45 (citations omitted). In 2011, the Court narrowed the Begay test by deciding that "[t]he phrase 'purposeful, violent, and aggressive' . . . is an addition to the statutory text. In many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk[.] . . . As between the two inquiries, risk levels provide a categorical and manageable standard that suffices to resolve the case before us." Sykes v. United States, 131 S. Ct. 2267, 2275–76 (2011) (holding that a prior conviction under Indiana law for knowing or intentional flight from a law enforcement officer by vehicle was a violent felony).

Chaplin argues that, under Begay, his prior conviction for escape, in violation of FLA. STAT. § 944.40, was not a conviction for a violent felony under § 924(e). In support of his argument, Chaplin cites United States v. Harrison, 558 F.3d 1280, 1292 n.21 (11th Cir. 2009). In Harrison, the Eleventh Circuit noted that it held in United States v. Taylor, 489 F.3d 1112 (11th Cir. 2007), that a conviction under Florida's escape statute, including a failure to return to a halfway house, is a violent felony. The court also noted that Taylor was vacated by the Supreme Court for reconsideration in light of the decision in Chambers v. United States, 555 U.S. 122 (2009), which determined that the willful failure of felons to report to their penal institutions is not a violent felony.[1] The court in Harrison ultimately determined that the Florida offense of willful fleeing, in violation of FLA. STAT. § 316.1935, does not constitute a violent felony. Harrison, 558 F.3d at 1296. Chaplin states that his "escape occurred when he was transported to the

---

[1] It should be noted that "[a]lthough the failure to report offense was located within the same subsection as the escape from custody offense, the [Chambers] Court treated them as separate offenses." United States v. Proch, 637 F.3d 1262, 1267 (11th Cir. 2011) (citing Chambers, 555 U.S. at 126–27).

3

hospital. He was left alone in the waiting room and he walked off." (Doc. No. 1-2, p. 9). Chaplin argues, citing Harrison, that his "walk away from the waiting room in the hospital did not constitute a 'violent felony' in light of Begay and Chambers." (Id.).

Respondent points to Sykes, wherein the Supreme Court held that a prior conviction under Indiana law for knowing or intentional flight from a law enforcement officer by vehicle was a violent felony. The Court specifically abrogated Harrison and provided the following analysis:

> When a perpetrator defies a law enforcement command by fleeing in a car, the determination to elude capture makes a lack of concern for the safety of property and persons of pedestrians and other drivers an inherent part of the offense. . . . A perpetrator's indifference to these collateral consequences has violent—even lethal—potential for others. A criminal who takes flight and creates a risk of this dimension takes action similar in degree of danger to that involved in arson, which also entails intentional release of a destructive force dangerous to others. . . . Another consideration is a comparison to the crime of burglary. Burglary is dangerous because it can end in confrontation leading to violence. . . . The attempt to elude capture is a direct challenge to an officer's authority. It is a provocative and dangerous act that dares, and in a typical case requires, the officer to give chase.

Sykes, 131 S. Ct. at 2273. The Court ultimately decided that flight from an officer, in a vehicle, is, as a categorical matter, a violent felony under § 924(e) because it may pose a greater risk than the analogs of arson and burglary. Id. at 2273–75.

Chaplin's relevant prior conviction is for the crime of escape, in violation of FLA. STAT. § 944.40. "A prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, . . . working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree[.]" FLA. STAT. § 944.40. Chaplin admits that his relevant escape occurred when he was in custody and transported to the

4

hospital and argues that his "walk away from the waiting room in the hospital did not constitute a 'violent felony' in light of Begay and Chambers." (Doc. No. 1-2, p. 9).

In Proch, the Eleventh Circuit considered whether the crimes of escape from jail and escape from custody while being transported to or from jail, in violation of FLA. STAT. § 944.40, constitute violent felonies. The court stated "[i]t is immediately apparent that this is not the same sort of escape as was at issue in Chambers."[2] Proch, 637 F.3d at 1268. In fact, the court noted that the failure to report to a penal institution is found in a separate code section, FLA. STAT. § 945.091(4). Id. The court decided that the crimes at issue, escape from jail and escape from custody while being transported to or from jail, in violation of FLA. STAT. § 944.40, are similar in risk and similar in kind to the crimes enumerated in § 924(e). Id. at 1268–69. The court held:

> Escapes from custody, like burglary, will almost always involve the police attempting to apprehend the escapee and are likely to cause 'an eruption of violence' upon discovery. . . . Also like burglary, escape from custody is a stealth crime that involves a high degree of recklessness. Like burglary, arson, and the use of explosives, escape from custody is purposeful, violent and aggressive because it involves a choice that will almost certainly be responded to with force, and potentially violent force, by the police. We conclude, therefore, that a felon who risks escape from custody is likely to use an illegally possessed firearm in a violent way and *that escape from custody is therefore a violent felony under [§ 924(e)].*

Id. at 1269 (citation omitted) (emphasis added). Based on the Eleventh Circuit's holding in Proch, Chaplin's 1987 conviction for escape, in violation of FLA. STAT. § 944.40, was a violent felony such as to trigger an enhancement under § 924(e).

---

[2] The court also stated that its decision in Harrison was "readily distinguishable" because "[u]nlike the conduct at issue in Harrison, escaping from the custody of a penal institution or from the immediate custody of an officer while being transported to or from a penal institution will ordinarily involve a high degree of recklessness, and a virtual invitation to violence." Proch, 637 F.3d at 1269, n.4. As previously discussed, Harrison was abrogated by Sykes. The Court previously discussed Harrison, and mentions it now, only because Chaplin heavily relied on the case.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Chaplin's § 2241 petition be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 29th day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)