IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES CHAPLIN,

    Petitioner,

vs.

DEBORAH A. HICKEY, Warden and
ERIC HOLDER, JR., Attorney General,

    Respondents.

CIVIL ACTION NO.: CV209-114

## ORDER

Petitioner James Chaplin ("Chaplin") filed an Objection to the Magistrate Judge's Report dated May 29, 2012, which recommended that Chaplin's 28 U.S.C. § 2241 petition be denied. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objection, Chaplin avers that the Magistrate Judge's reliance on United States v. Proch, 637 F.3d 1262 (11th Cir. 2011), to determine that Chaplin's 1987 conviction for escape, in violation of FLA. STAT. § 944.40, qualifies as a violent felony, was erroneous. Chaplin argues that because Proch expressly excluded "walk away" escapes from its holding, Proch cannot support a finding that his 1987 conviction for escape is a violent felony.

In Proch, the Court of Appeals for the Eleventh Circuit considered whether the crime of escape, in violation of § 944.40, qualifies as a violent felony. The court

AO 72A
(Rev. 8/82)

"distinguish[ed] the several separate crimes enumerated in § 944.40: (1) escape from jail; (2) escape from custody while being transported to or from jail; (3) escape from a road camp; (4) escape from custody while working upon the public roads; etc." Proch, 637 F.3d at 1267. Because it was clear that the escape at issue was either escape from jail or escape from custody while being transported to or from jail, the court noted that it "need not address whether category three or four would constitute a violent felony as they are ordinarily committed. We need not address whether they could be committed as walkaway escapes." Id. at 1268 n.2 (citing United States v. Lee, 586 F.3d 859 (11th Cir. 2009), which held that a walkaway escape from an unsecured halfway house is not a crime of violence). The court held that the first two categories, escape from jail and escape from custody while being transported to or from jail, constitute violent felonies.

Chaplin argues that his "walkaway escape" was not a violent felony under Proch and Lee. It is clear from the Magistrate Judge's discussion of Proch that he characterized Chaplin's escape as an escape from custody while being transported to or from jail, rather than as a "walkaway escape."[1] The undersigned agrees with that characterization. Chaplin's artful wording in his petition and in his Objection, calling his escape a "walkaway escape," does not change what it actually was.

Chaplin's 1987 conviction for escape, in violation of § 944.40, stemmed from an escape from custody while in the custody of a Pinkerton Security Officer who had transported him to University Hospital in Jacksonville, Florida. (Doc. No. 47-3, p. 10) (filed under seal). Chaplin's escape is properly characterized as an escape from

---

[1] The Magistrate Judge's quotation of Chaplin's characterization of his escape, contained within a paragraph explaining Chaplain's argument in support of his petition, does not constitute an endorsement of Chaplin's characterization, as Chaplin would have the Court believe.

2

custody while being transported to or from jail, which is a violent felony under Proch. Chaplin's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. Chaplin's 28 U.S.C. § 2241 petition is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 29 day of June, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)